**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   CURTIS DANIELS,                     No. C-10-4418 TEH (PR)

12              Petitioner,

13        v.                             ORDER OF DISMISSAL

14   RANDY GROUNDS, Warden,              (Doc. #6)

15              Respondent.

16   _____/

17

18                                  I

19        Petitoner, a state prisoner incarcerated at the

20   Correctional Training Facility in Soledad, California, has filed a

21   pro se Amended Petition for Writ of Habeas Corpus under 28 U.S.C. §

22   2254 challenging the California Board of Parole Hearings' ("BPH")

23   refusal to grant him parole at his February 23, 2009 parole

24   suitability hearing.

25        Petitioner specifically claims that the BPH violated his

26   due process rights by denying him parole: (1) without some evidence

27   of current dangerousness; (2) by improperly finding that he needed

28   further therapy or self-help; (3) by improperly basing its decision

United States District Court
For the Northern District of California

1    on static factors, commitment offense, prior history, and a non-

2    existent conviction, (5) in retaliation for maintaining innocence,

3    and (6) despite Plaintiff having satisfied all requirements and

4    recommendations set forth in an earlier February 2007 parole

5    hearing.

6         The Supreme Court has made clear that, in the context of

7    parole, a prisoner subject to a parole statute similar to

8    California's receives adequate process when he is allowed an

9    opportunity to be heard and is provided with a statement of the

10   reasons why parole was denied.  <u>Swarthout v. Cooke</u>, 131 S. Ct. 859,

11   862 (2011).  The Constitution does not require more.  <u>Id</u>.

12        As the Ninth Circuit recently put it, "<u>Cooke</u> was unequivocal in

13   holding that if an inmate seeking parole receives an opportunity to

14   be heard, a notification of the reasons as to denial of parole, and

15   access to their records in advance, '[t]hat should . . . be [] the

16   beginning and the end of [the] inquiry into whether [the inmate]

17   received due process.'"  <u>Pearson v. Muntz</u>, 639 F.3d 1185, 1191 (9th

18   Cir. 2011) (quoting <u>Cooke</u>, 131 S. Ct. at 862).  Because Petitioner

19   has not questioned whether those procedures were provided, this

20   Court's inquiry "is at its end."  <u>Id</u>.

21        For the foregoing reasons, the petition for a writ of habeas

22   corpus is DISMISSED.  And pursuant to Rule 11 of the Rules Governing

23   Section 2254 Cases, a certificate of appealability (COA) under 28

24   U.S.C. § 2253(c) is DENIED because it cannot be said that

25   "reasonable jurists would find the district court's assessment of

26   the constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>,

27   529 U.S. 473, 484 (2000).

28

                                     **2**

1      The Clerk shall enter judgment in accordance with this

2  order, terminate all pending motions (see Doc. #6) as moot and close

3  the file.

4      IT IS SO ORDERED.

5

6

7  DATED        7/18/2011

8                      THELTON E. HENDERSON
                    United States District Judge

9

10

11

12

13

14

15

16

17

18  G:\PRO-SE\TEH\HC.10\Daniels-10-4418-dismissal.wpd

19

20

21

22

23

24

25

26

27

28

3